# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WALID ELKHATIB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 02 C 8131 |
| v. | ) |
| | ) Hon. Charles R. Norgle |
| DUNKIN DONUTS, INC., a Delaware | ) |
| corporation, and ALLIED DOMECQ, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant, Dunkin Brands, Inc. ("Dunkin") (an indirect successor to Dunkin Donuts, Inc.), by and through its attorneys, respectfully moves this Court for an order, pursuant to Rule 50 of the Federal Rules of Civil Procedure, for judgment against Plaintiff and in favor of Defendant as a matter of law. Plaintiff has been fully heard on issues of liability during a jury trial and no reasonable jury could have a legally sufficient evidentiary basis to find in favor of Plaintiff. This motion is supported by the pleadings, the testimony provided at trial, and the following memorandum of law.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR JUDGMENT AS A MATTER OF LAW

A directed verdict is appropriate under Federal Rule of Civil Procedure 50(a) when a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party" on an issue. FED. R. CIV. PROC. 50(a)(1). "[I]n considering a motion for a directed verdict, the court does not weigh the evidence, but draws all factual inferences in favor of the nonmoving party." *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554 (1990). In this case, even construing factual inference in favor of Plaintiff, a directed verdict is appropriate and necessary for two reasons. First, Plaintiff's claims are for religious, not racial, discrimination and therefore fail as a matter

of law under Title 42, U.S.C. § 1981 and § 1982. Second, Plaintiff failed to adequately present any evidence to support his conclusory assertion that Dunkin's decisions were impacted in any way, shape, or form by Plaintiff's race.

### I. Plaintiff's Claims are for Religious Discrimination.

In his Complaint, Plaintiff asserted claims of <u>racial</u> discrimination under Title 42, U.S.C. § 1981 and § 1982. But the evidence presented by Plaintiff at trial relates, at best, only to a claim of religious discrimination. It is well settled that § 1981 and § 1982 are not applicable to claims of religious discrimination. *See Runyon v. McCrary*, 427 U.S. 160, 167 (1976) (§ 1981 "is in no way addressed to [religious] categories....") (overruled on other grounds by *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989)); *see also Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968) ("[§ 1982] deals only with racial discrimination and does not address itself to discrimination on grounds of religion or national origin"). The Supreme Court decision in *St. Francis College V. Al-Khazraji*, 481 U.S. 604 (1987), supports Plaintiff's general proposition that Arabs may sue for racial discrimination under § 1981. In that case, however, the Supreme Court made clear that at trial a party would be required to prove "he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, **or religion**." *St. Francis College*, 481 U.S. at 613 (emphasis added). Here, if there was any discrimination, the evidence presented by Plaintiff could only support a claim of religious discrimination.

The evidence presented by Plaintiff simply confirmed the religious underpinnings of his refusal to sell the complete line of breakfast products. Plaintiff testified—repeatedly—that his refusal to sell pork products was based on his Muslim religion. He explained that he was prohibited from touching or dealing with pig. This prohibition is widely recognized as a tenet of

the Muslim faith and is specifically prohibited in the Koran, the holy book of the Muslim faith. Even if Plaintiff had not testified unambiguously that the prohibition was founded in religion, the Court can take judicial notice of this basic fact.[1] Moreover, courts facing the issue have repeatedly found that the dietary prohibition against the consumption of pork is based on religious beliefs. *See, e.g., Hayes v. Long*, 72 F.3d 70 (8th Cir. 1995) (recognizing that the free exercise of religion by Muslims is restricted by forcing them to eat or handle pork); *Chapman v. Pickett*, 586 F.2d 22, 26 (7th Cir. 1978) (recognizing plaintiff's refusal to handle pork as an act prohibited by his religion); *Finney v. Hutto*, 410 F. Supp. 251, 253 (E.D. Ark. 1976) ("Muslims eschew the consumption of pork in any form; they are not permitted by their religion to eat pork…").

Plaintiff failed to present <u>any</u> evidence that Plaintiff's race played any role in Dunkin's decision. The only evidence Plaintiff offered that attempted to connect his religious practices to his Arab race were his own self-serving statements that there were no pork products in the Palestinian community which he left nearly *four decades* ago to come to the United States.[2] Significantly, Plaintiff presented no evidence that <u>Dunkin</u> associated Plaintiff's refusal to sell breakfast sandwiches containing pork products with Plaintiff's race.

This case is about whether Dunkin discriminated against Plaintiff on the basis of his race. Plaintiff's own perception regarding a connection between alleged racial traditions in Ramallah and religious practice is irrelevant. Moreover, his self-serving statements about the connection between his race and religion are insufficient to create a fact question for the jury. *See, e.g.,*

---

[1] The Seventh Circuit has long recognized that courts may take judicial notice of general teachings of well-known religions. *See Northern Trust Co. v. Comm'r of Internal Revenue*, 116 F.2d 96 (7th Cir. 1940); *see also Clay v. Rice*, No. 01 C 50203, 2001 WL 1380526, at *3 (N.D. Ill. Nov. 5, 2001) ("The court takes judicial notice of the fact that millions of Muslims practice their religion in places where hot water is unavailable.").

[2] Plaintiff testified that he lived in Ramallah, a Palestinian city in the central West Bank, prior to moving to the United States in 1971.

*Ford v. Childers*, 650 F. Supp. 110, 113 (C.D. Ill. 1986) ("self-serving statements are insufficient to meet [Plaintiff's] burden before a jury"), *aff'd, Ford v. Childers*, 855 F.2d 1271 (7th Cir. 1988).

This Court addressed this issue in its prior opinion granting summary judgment in favor of Dunkin. At that time, the Court held that Plaintiff's claims were based on religious discrimination rather than racial discrimination. *Elkhatib v. Dunkin' Donuts, Inc.*, No. 02 C 8131, 2004 WL 2600119, at *3 (N.D. Ill. Nov. 15, 2004). On appeal, the Seventh Circuit did not address the issue, suggesting, incorrectly, that the parties had not addressed the issue in their briefing before the Court. *See Elkhatib v. Dunkin' Donuts, Inc.*, 493 F.3d 827, 829 (7th Cir. 2007). In any event, the Plaintiff has now had a full opportunity to present his evidence at trial, and there was simply no evidence to suggest that Plaintiff's claims were anything more than a straightforward claim of religious discrimination styled as a race discrimination claim to fit within the applicable statutes. Because 42 U.S.C. § 1981 and § 1982 do not apply to claims of religious discrimination, Dunkin should be granted a directed verdict.

## II. Plaintiff Failed to Present Any Evidence of Racial Discrimination, and Plaintiff's Own Evidence Disproves his Claim as a Matter of Law.

Even if Plaintiff did have a colorable claim of racial discrimination, a directed verdict in favor of Dunkin is appropriate because Plaintiff failed to present any evidence of racial discrimination, and Plaintiff's own evidence disproves his claim as a matter of law. If there is insufficient evidence for any rational jury to find in favor of a Plaintiff, a directed verdict is proper. *Greene v. Potter*, --- F.3d ---, 2009 WL 539857 (7th Cir. Mar. 5, 2009). Further, "[t]o be actionable, racial prejudice must be a but-for cause, or in other words a necessary condition, of the refusal to transact." *Bachman v. St. Monica's Congregation*, 902 F.2d 1259, 1262-63 (7th

Cir. 1990). Plaintiff's admissions, and the deficiencies in the evidence presented to the jury on any claim of racial discrimination, require entry of judgment as a matter of law.

In *Greene*, an employee of the United States Post Office brought claims of gender discrimination asserting that her supervisor manipulated overtime procedures to her detriment. *Greene*, 2009 WL 539857. The Seventh Circuit affirmed a directed verdict in favor of the defendant, because although the plaintiff had failed to present evidence from which a jury could conclude that the overtime procedure was manipulated out of a desire to discriminate against female employees. As explained by the court:

> Greene has disproved her intentional discrimination claim because her own evidence conclusively revealed some other, nondiscriminatory reason for the employer's decision. Therefore, there was insufficient evidence for any rational jury to find in her favor, so judgment as a matter of law was proper.

*Id.* at *5 (internal citations omitted).

The evidence points only to one conclusion: that Dunkin declined to renew Plaintiff's franchise based on franchisee's refusal to sell breakfast sandwiches containing pork ham, bacon or sausage. There is no evidence to suggest that this nondiscriminatory reason for Dunkin's decision was a lie, pretextual, or improper. In fact, Plaintiff acknowledged that prior to 2002 his refusal to sell pork products had never been discussed—to his knowledge—with Dunkin's corporate management or the legal department. Nor had Dunkin ever done anything that Plaintiff considered to be racially discriminatory in his more than 20 years as a franchisee leading up to the events in 2002. Mr. Elkhatib testified that in 2002 he had a meeting with Chuck Cowgill in which he confirmed he would refuse to sell pork products in any Dunkin franchise store he owned then or in the future. Mr. Cowgill told Mr. Elkhatib that he would need to confer with the Dunkin legal department regarding Mr. Elkhatib position, and a few months later Mr. Elkhatib received a letter setting forth Dunkin's corporate position. As even Plaintiff

admitted at trial, not all Arabs are Muslim, and not all Muslims are Arab. The only conclusion that can be drawn from the evidence is that Dunkin would have made the exact same decision if Plaintiff was not Arab but had the same belief system; for example, if Plaintiff was a non-Arab Muslim. (Conversely, if Plaintiff was an Arab but did not follow the prohibitions of the Muslim faith there is no evidence to suggest there would be any issue with his franchise operations). Plaintiff therefore failed to establish the but-for causation required in a racial discrimination claim. *Bachman*, 902 F.2d at 1262-63; *see also id.*, 902 F.2d at 1261 ("[§ 1981 and § 1982] forbid unequal treatment based on *race*, and while [in this case] Jews constitute a race, it is not the case that every preference based on religion is a discrimination against a race.") (emphasis in original). There simply was no evidence from which any juror could infer that Defendant intended to discriminate on the basis of race.

The Seventh Circuit held, in its opinion remanding this case for trial, that reference to evidence regarding other franchisees in the greater Chicago area that do not sell breakfast sandwiches, or do not sell breakfast sandwiches containing pork, may be probative of Dunkin's intent. *See generally*, *Elkhatib*, 493 F.3d at 831. Plaintiff now has had a full opportunity to present its case at trial, and no rational jury could conclude, from the evidence, that racial discrimination could be inferred from a comparison between Plaintiff and other franchisees. Plaintiff admitted that he knew of no other franchisee in the Chicago area that refused to sell products based on a personal belief system. Moreover, the evidence demonstrates that no other franchisee refused to sell approved products and there were business justifications for any discrepancies. Accordingly, there is insufficient evidence of racial discrimination as a matter of law.

WHEREFORE, defendant, Dunkin Brands, Inc., requests that this Court enter judgment in favor of Dunkin' Brands and against Plaintiff.

Date: March 11, 2009  Respectfully submitted,

By: /s/ Jonathan R. Buck
   One of the Attorneys for Defendant

Christopher B. Wilson
Jonathan R. Buck
PERKINS COIE LLP
131 South Dearborn Street
Suite No. 1700
Chicago, Illinois 60603
Tel: (312) 324-8400
Fax: (312) 324-9400

## CERTIFICATE OF SERVICE

I, Jonathan R. Buck, certify that on March 11, 2009, I caused a true and complete copy of the Defendant's **MOTION FOR JUDGMENT AS A MATTER OF LAW** and **MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW** to be served via hand delivery in open Court upon the following:

Robert A. Habib
77 West Washington Street
Suite No. 411
Chicago, Illinois 60602

                                              /s/ Jonathan R. Buck